IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 3:00cr12/MCR
　　　　　　　　3:12cv145/MCR/EMT

TAVARES CLAYBORNE

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 495). The court notes that Defendant failed to file his motion on the court-approved form for use in section 2255 cases. Local Rule 5.1(J)(2) for the Northern District of Florida states that the court will not accept for consideration a motion pursuant to section 2255 unless the appropriate form is properly completed and filed. However, after review of the docket, it appears that amendment would be futile at this time, as this court does not have jurisdiction to consider Defendant's motion.

It is well established that the district court lacks jurisdiction to consider and rule on a § 2255 motion during the pendency of the direct appeal. United States v. Dunham, 240 F.3d 1328, 1329–30 (11th Cir. 2001); *see also* United States v. Khoury, 901 F.2d 975, 976 n. 20 (11th Cir. 1990), *modified*, United States v. Khoury, 910 F.2d 713 (11th Cir. 1990); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."). Here, Defendant was sentenced to a term of twenty-four-months imprisonment on October 3, 2011, after he was found to have violated the terms of his supervised release (doc. 466).

His appeal of this sentence is still pending, and the instant motion (doc. 495) relates to the same sentence.  Hence, Defendant's motion must be dismissed.

Accordingly, it is respectfully **RECOMMENDED:**

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 495) be **DISMISSED without prejudice**, as this court lacks jurisdiction to consider Defendant's claims during the pendency of his direct appeal.

At Pensacola, Florida, this 16th day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**